CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY JASON GARDNER, ) | Civil Action No. 7:09-cv-00431 |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| KATHLEEN BASSETT, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Jeffrey Jason Gardner, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that he received ineffective assistance of counsel and was convicted on insufficient evidence. Upon screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court dismisses the petition as untimely filed.

I.

Petitioner alleges the following facts. On August 7, 2002, the Circuit Court for the County of Washington entered petitioner's convictions for five counts of forcible sodomy and five counts of object sexual penetration, in violation Virginia Code §§ 18.2-67.1 and 18.2-67.2 respectively, following petitioner's second jury trial.[1] (Pet. 2.) Petitioner appealed to the Court of Appeals of Virginia, which affirmed his convictions by an unpublished memorandum opinion issued on April 6, 2004. (Id.; Pet.'s Resp. (docket #3) 3.)

Petitioner filed a petition for a writ of habeas corpus with the Circuit Court for the County of Washington on April 5, 2005, which that court denied on February 2, 2008. Petitioner appealed the denial of his state habeas petition to the Supreme Court of Virginia, which denied the appeal on October 22, 2008, and his petition for a rehearing on February 6, 2009. (Pet. 3;

---

[1] The first trial ended in a hung jury. (Pet. 1-2.)

(Petr.'s Resp. 3.)

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[2] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on May 6, 2004, when the time for petitioner to file a direct appeal from the Court

---

[2]The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

of Appeals of Virginia to the Supreme Court of Virginia expired. See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Therefore, the time for filing a federal habeas action began the next day, May 7, 2004. See 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his state habeas petition with the circuit court on April 5, 2005. Accordingly, 333 days of petitioner's 365 days ran between May 7, 2004, and April 4, 2005.

The Supreme Court of Virginia concluded the state habeas appeal on February 6, 2009. The one-year federal habeas filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). Therefore, the federal statute of limitations began again on February 7, 2009. Petitioner filed his present petition no earlier than October 16, 2009, the date he allegedly submitted the petition for mailing.[3] (Pet. 14.) Accordingly, an additional 251 days passed between the conclusion of his state petition and the filing of his federal petition, totaling 584 days since his conviction became final.

Petitioner argues that the court should equitably toll periods of time because of the allegedly ineffective assistance of the counsel who prepared his state habeas petition. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en

---

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). It appears that petitioner signed his petition on October 16, 2009. (Pet. 14.) Accordingly, the court will assume for purposes of this opinion that he also "filed" it on that date by delivering it to prison authorities for mailing.

3

banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). However, the Supreme Court of the United States declined to equitably toll the statute of limitations for a habeas petition when habeas counsel erred by miscalculating the statute of limitations period. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007). The Court stated that an "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Id.

In this case, habeas counsel timely filed petitioner's state habeas petition within Virginia's applicable statute of limitations although counsel left petitioner with approximately only thirty days to file his federal habeas petition. Counsel's delay in filing a timely state habeas petition is not a sufficient ground to grant equitable tolling, and petitioner is not entitled to tolling even if counsel's timely delay contributed to petitioner's untimely federal petition. Moreover, even if the court equitably tolled the period of time between February 2009 and either April 2009, when petitioner learned that his state habeas petition was finalized in February, or July 2009, when petitioner began working on his own habeas petition after being dissatisfied with counsel, his current petition would still be filed beyond the 365 day limit. Accordingly, the court finds that petitioner filed his petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as untimely filed. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by

28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 25th day of November, 2009.

                                                                               _/s/ James C. Turk_
                                                              Senior United States District Judge